*E-Filed 3/3/16*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES EDWARD FOSTER, | No. C 15-4636 RS (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| ROBERT W. FOX, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Respondent shall file a response to the petition on or before June 14, 2016, unless an extension is granted.

The petition may be untimely. Petitioner was sentenced in 2012 and the instant petition was filed in 2015. Respondent is directed to consider first whether a motion to dismiss on grounds of untimeliness is the most appropriate first response to the petition. If he so concludes, he may file a motion to dismiss, though he is not required to do so.

## BACKGROUND

According to the petition, in 2012, a Santa Clara County Superior Court jury convicted petitioner of driving under the influence and driving with a suspended license.

The jury found true allegations petitioner had served seven prior prison terms. Based on these verdicts and findings, petitioner was sentenced to ten years in state prison.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges (1) he is innocent of the crime; (2) a police officer falsified the arrest report; (3) the trial court's exclusion of evidence was improper; (4) a jury instruction omitted an element of the criminal charge; (5) defense and appellate counsel rendered ineffective assistance; and (6) the prosecutor committed misconduct, including witness coaching and presenting false evidence. When liberally construed, Claims 3–6 are cognizable on federal habeas review.

Claim 1, however, is DISMISSED without leave to amend. Innocence itself is not an cognizable claim for habeas relief. Habeas claims must relate to a "constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "Innocence" is not a violation occurring in the underlying state criminal proceeding.[1] The claims petitioner attached to his innocence claim, with the exception of Claim 2, are cognizable and have been listed above.

---

[1] If respondent moves to dismiss the petition as untimely, petitioner may raise actual innocence as an equitable exception to the timeliness bar.

Claim 2 is DISMISSED without leave to amend. Even if his initial arrest had been based on a falsified report, there is no federal habeas relief for such a claim. In federal court, petitioner may challenge only the custody resulting from his state criminal conviction, not the custody consequent to his initial arrest. *See* 28 U.S.C. § 2254(a). Whether the false police report was presented as evidence at trial is cognizable, however, and falls under the prosecutorial misconduct claim.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED**.

DATED: March 3, 2016

RICHARD SEEBORG
United States District Judge